IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
HARRISON DIVISION

FRANCES E. ATCHLEY                                             PLAINTIFF

v.                          CIVIL NO. 04-3072

JO ANNE B. BARNHART, Commissioner
Social Security Administration                                 DEFENDANT

## MEMORANDUM OPINION

Plaintiff Frances E. Atchley brings this action pursuant to 42 U.S.C. § 405(g), seeking judicial review of a decision of the Commissioner of the Social Security Administration (Commissioner) denying her claims for period of disability and disability insurance benefits (DIB) and supplemental security income (SSI) benefits under the provisions of Titles II and XVI of the Social Security Act (Act).

## Procedural Background:

The applications for DIB and SSI presently before this court were filed on November 19, 2002, December 5, 2002, respectively, alleging an inability to work since April 7, 2002, due to degenerative joint disease, carpal tunnel syndrome, hepatitis C, depressive disorder, back pain and liver failure.[1] (Tr. 58-61, 254-256). An administrative hearing was held on February 9, 2004. (Tr. 276-317). Plaintiff was present and represented by counsel.

---

[1] With regard to plaintiff's DIB application, in order to have insured status under the Act, an individual is required to have twenty quarters of coverage in each forty-quarter period ending with the first quarter of disability. 42 U.S.C. § 416(i)(3)(B). Plaintiff last met this requirement on June 30, 2002. (Tr. 14). Accordingly, the overreaching issue is the question of whether plaintiff was disabled during the relevant time period of April 7, 2002, her alleged onset date of disability, through June 30, 2002, the last date she was in insured status under Title II of the Act.

By written decision dated June 15, 2004, the ALJ found that plaintiff has an impairment or combination of impairments that are severe. (Tr. 21). However, after reviewing all of the evidence presented, he determined that plaintiff's impairments do not meet or equal the level of severity of any impairment listed in the Listing of Impairments found in Appendix I, Subpart P, Regulation No. 4. (Tr. 21). The ALJ found plaintiff retained the residual functional capacity (RFC) to perform sedentary work with frequent fingering with both hands. With the help of vocational expert testimony, the ALJ found plaintiff could perform other work as a dispatcher and a receptionist. (Tr. 21).

Plaintiff appealed the decision of the ALJ to the Appeals Council. Plaintiff's request for review of the hearing decision was denied on September 18, 2004. (Tr. 4-7). When the Appeals Council declined review, the ALJ's decision became the final action of the Commissioner. Plaintiff now seeks judicial review of that decision. (Doc. #1). Both parties have submitted appeal briefs and this case is before the undersigned pursuant to the consent of the parties. (Doc. # 7,8).

**Applicable Law:**

This court's role is to determine whether the Commissioner's findings are supported by substantial evidence on the record as a whole. *Ramirez v. Barnhart*, 292 F.3d 576, 583 (8th Cir. 2002). Substantial evidence is less than a preponderance but it is enough that a reasonable mind would find it adequate to support the Commissioner's decision. The ALJ's decision must be affirmed if the record contains substantial evidence to support it. *Edwards v. Barnhart*, 314 F.3d 964, 966 (8th Cir. 2003). As long as there is substantial evidence in the record that supports the Commissioner's decision, the court may not reverse it simply because substantial evidence exists

2

in the record that would have supported a contrary outcome, or because the court would have decided the case differently. *Haley v. Massanari*, 258 F.3d 742, 747 (8th Cir. 2001). In other words, if after reviewing the record it is possible to draw two inconsistent positions from the evidence and one of those positions represents the findings of the ALJ, the decision of the ALJ must be affirmed. *Young v. Apfel*, 221 F.3d 1065, 1068 (8th Cir. 2000).

It is well-established that a claimant for Social Security disability benefits has the burden of proving her disability by establishing a physical or mental disability that has lasted at least one year and that prevents her from engaging in any substantial gainful activity. *Pearsall v. Massanari*, 274 F.3d 1211, 1217 (8th Cir.2001); *see also* 42 U.S.C. § § 423(d)(1)(A), 1382c(a)(3)(A). The Act defines "physical or mental impairment" as "an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. § § 423(d)(3), 1382(3)(c). A plaintiff must show that her disability, not simply her impairment, has lasted for at least twelve consecutive months.

The Commissioner's regulations require her to apply a five-step sequential evaluation process to each claim for disability benefits: (1) whether the claimant has engaged in substantial gainful activity since filing her claim; (2) whether the claimant has a severe physical and/or mental impairment or combination of impairments; (3) whether the impairment(s) meet or equal an impairment in the listings; (4) whether the impairment(s) prevent the claimant from doing past relevant work; and, (5) whether the claimant is able to perform other work in the national economy given her age, education, and experience. *See* 20 C.F.R. §§ 404.1520, 416.920. Only if the final stage is reached does the fact finder consider the plaintiff's age, education, and work

3

experience in light of her residual functional capacity. *See McCoy v. Schwieker*, 683 F.2d 1138, 1141-42 (8th Cir. 1982); 20 C.F.R. §§ 404.1520, 416.920.

**Discussion:**

Of particular concern to the undersigned, is the ALJ's RFC determination. Well-settled precedent confirms that the ALJ bears a responsibility to develop the record fairly and fully, independent of the claimant's burden to press her case. *Snead v. Barnhart,* 360 F.3d 834, 836-37 (8th Cir.2004). The ALJ's duty to develop the record extends even to cases like plaintiffs, where an attorney represented the claimant at the administrative hearing. *Id*. It is incumbent upon the ALJ to establish by medical evidence that the claimant has the requisite RFC and to question a claimant in detail about her abilities. To properly determine a claimant's RFC, an ALJ is "required to consider at least some supporting evidence from a [medical] professional" *See Lauer v. Apfel*, 245 F.3d 700, 704 (8th Cir. 2001). The ALJ is free to disregard a treating/examining physician; however, he must have some professional medical evidence to support the RFC determination.

In the present case, the medical evidence reveals plaintiff was diagnosed with abnormal liver functioning and underwent hepatitis studies which revealed plaintiff had hepatitis C. (Tr.128, 149). In October of 2003, Dr. Margo Lockyer, diagnosed plaintiff with chronic active hepatitis C with signs of early liver failure. (Tr. 201). In March of 2004, Dr. Abraham, the consultative examiner, noted plaintiff had an enlarged liver and opined plaintiff would have a limited life span if she did not undergo a liver transplant. (Tr. 230, 233). Then in April of 2004,

4

plaintiff was admitted into the hospital to treat her pneumonia. At the time of admission, plaintiff's liver function tests were markedly elevated and she was diagnosed with liver failure.[2]

In discussing plaintiff's liver impairment, the ALJ noted plaintiff had sought treatment for problems associated with her liver and that she had failed to follow up with the Christian Clinic for prepaid medication and a referral with a hepatologist. The ALJ also noted plaintiff's testimony that she had been placed on the liver transplant list in April of 2004, but pointed out plaintiff had failed to provide any information verifying that she had in fact been placed on the transplant list. (Tr. 17-18). The ALJ gave little weight to Dr. Abraham's opinion that plaintiff was disabled due to her liver failure noting that this physician may not have understood the term disability as defined under the Act. While it is the province of the ALJ to determine disability, he still must have the medical evidence supporting his finding. Besides, Dr. Abraham, the only RFC assessment of record was completed by a non-examining, medical consultant in April of 2003, which was six months prior to plaintiff's being diagnosed with liver failure. The ALJ also failed to give consideration to what effect plaintiff's underlying liver impairment may have on his ability to work. Accordingly, we do not find substantial evidence supporting the ALJ's RFC determination.

We believe remand is warranted so that the ALJ can more fully and fairly develop the record. On remand, the ALJ is directed to address interrogatories to the physicians who have evaluated and/or treated plaintiff asking the physicians to review plaintiff's medical records; to complete a RFC assessment regarding plaintiff's capabilities during the time period in question,

---

[2] Liver failure occurs when large parts of the liver become damaged beyond repair and the liver is no longer able to function. Liver failure is a life-threatening condition that demands urgent medical care. Most often liver failure occurs gradually and over many years. *http://www.webmd.com/content/article/90/100597.htm*

5

and to give the objective basis for their opinions so that an informed decision can be made regarding plaintiff's ability to perform basic work activities on a sustained basis during the relevant time period in question. *Chitwood v. Bowen*, 788 F.2d 1376, 1378 n.1 (8th Cir. 1986); *Dozier v. Heckler*, 754 F.2d 274, 276 (8th Cir. 1985). We strongly suggest that the ALJ order a consultative exam with a hepatologist. This consultative examiner should be asked to review the medical evidence of record, perform a physical examination and appropriate testing needed to properly diagnosis plaintiff's condition and level of pain, and complete a medical assessment of plaintiff's ability to perform work related activities. *See* 20 C.F.R. §§ 404.1517, 416.917.

We further note that the medical evidence is also somewhat ambiguous with regard to plaintiff's mental limitations and her mental RFC. On remand the ALJ is directed to address interrogatories to the physicians who have evaluated and/or treated plaintiff asking the physicians to review plaintiff's medical records and complete a mental RFC assessment regarding plaintiff's capabilities during the time period in question.

**Conclusion:**

Based on the foregoing, we hereby reverse the decision of the ALJ and remand this case for further consideration pursuant to sentence four of 42 U.S.C. § 405(g).

DATED this 1st day of November 2005.

/s/Beverly Stites Jones
HON. BEVERLY STITES JONES
UNITED STATES MAGISTRATE JUDGE

AO72A
(Rev. 8/82)

**AO72A**
**(Rev. 8/82)**